UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                :
UNITED STATES OF AMERICA       :
                :    16 Cr. 763-09 (LGS)
      -against-            :
                :    <u>ORDER</u>
EDUARD MISELEVICH,            :
           Defendant.  :
------------------------------------------------------------X

LORNA G. SCHOFIELD, District Judge:

**<u>Background</u>**

      WHEREAS, on April 6, 2020, Defendant filed a letter that this Court construes as a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A);

      WHEREAS, on December 21, 2017, Defendant pleaded guilty to (i) one count of Conspiracy to Commit Health Care Fraud, Mail Fraud, and Wire Fraud in violation of 18 U.S.C. § 1349; and (ii) one count of Health Care Fraud in violation of 18 U.S.C. § 1347.  On June 12, 2018, Defendant was sentenced to 36 months' incarceration, to run concurrently on both counts, followed by three years of supervised release, also to run concurrently on both counts;

      WHEREAS, Defendant represents in his motion that he was released from custody to a halfway house and is expected to remain there until he begins his term of supervised release on May 6, 2020;

      WHEREAS, the President of the United States has declared a national emergency due to the spread of the COVID-19 virus.  The first COVID-19 case in the State of New York was confirmed on February 29, 2020.  *See Coronavirus in N.Y.: Manhattan Woman is First Confirmed Case in State*, at https://www.nytimes.com/2020/03/01/nyregion/new-york-coronavirus-confirmed.html.  As of April 7, 2020, there were 138,836 confirmed cases in New

York. *See Coronavirus in the U.S.: Latest Map and Case Count*, at

https://www.nytimes.com/interactive/2020/us/coronavirus-us-cases.html (last viewed April 7,

2020). Over 5,000 persons have died in New York of the virus and nearly 12,000 have died

nationwide. *Id.*;

**Exhaustion of Administrative Remedies**

  WHEREAS, 18 U.S.C. § 3582(c)(1)(A) states,

> The court may not modify a term of imprisonment once it has been imposed, except . . . upon motion of the Director of the Bureau of Prison, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf, or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

  WHEREAS, Defendant's motion states that he has not exhausted his administrative remedies or otherwise satisfied this provision;

  WHEREAS, the Court does not have the authority to waive the administrative exhaustion requirements stated in § 3582. *See e.g.*, *Theodoropoulos v. I.N.S.*, 358 F.3d 162, 172 (2d Cir. 2004) ("[A]s a general rule, courts are required to strictly enforce statutory exhaustion requirements."); *United States v. Hernandez*, 2020 WL 1445851, at *1 (S.D.N.Y. Mar. 25, 2020);

**"Extraordinary and Compelling Reasons"**

  WHEREAS, 18 U.S.C. § 3582(c)(1)(A)(i) further provides that the court "may reduce the term of imprisonment" only if it finds that "extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission";

  WHEREAS, the relevant Sentencing Commission Policy Statement, U.S.S.G. § 1B1.13, provides that the Court may reduce a term of imprisonment if three conditions are met: (i)

extraordinary and compelling reasons warrant the reduction, *id.* § 1B1.13(1)(A); (ii) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g), *id.* § 1B1.13(2); and (iii) the reduction is consistent with this policy statement, *id.* § 1B1.13(3); *accord United States v. Gotti*, No. 02 Cr. 743-07, 2020 WL 497987, at *1–2 (S.D.N.Y. Jan. 15, 2020);

WHEREAS, the Application Notes to the Policy Statement provide in relevant part that "extraordinary and compelling reasons" exist where the defendant "is suffering from a serious physical or medical condition," "that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note 1(A);

WHEREAS, Defendant has not demonstrated the requisite extraordinary or compelling circumstances. Defendant is forty-seven years old and has not represented that he has been diagnosed with significant health issues. It is hereby

**ORDERED** that for the reasons stated above, Defendant's motion for compassionate release is DENIED.

Dated: April 7, 2020
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**